UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fred Johnson,                                                File No. 22-cv-2848 (ECT/LIB)

      Plaintiff,

v.                                                           **OPINION AND ORDER**

Bank of New York Mellon, *formerly known
as The Bank of New York*; John Doe; and
XYZ Firm,

      Defendants.

---

Morgan Smith, Smith & Raver, LLP, Minneapolis, MN, for Plaintiff Fred Johnson.

C. Charles Townsend, Akerman LLP, Dallas, TX, and Quin C. Seiler, Winthrop & Weinstine, PA, for Defendant Bank of New York Mellon.

---

Since 2016, Plaintiff Fred Johnson[1] has attempted to halt the foreclosure proceedings on real property initiated by Bank of New York Mellon ("the Bank"), the assignee of the mortgage securing the loan on the property. In this case, Johnson claims that the Bank lacks authority to foreclose because the Bank has never proved that it owned the relevant loan. The Bank seeks dismissal of Johnson's Complaint under Federal Rule of Civil Procedure 12(b)(6). The motion will be granted because Johnson's claims are barred by claim preclusion. If that weren't so, the claims would fail on their merits.

---

[1] The record creates uncertainty regarding the correct spelling of Johnson's first name. This case's caption identifies him simply as "Fred." The caption in an earlier case and mortgage documents identify him as "Frederick." A marriage certificate identifies him as "Frederich." No one disputes that all of these names refer to the Plaintiff in this case. Because these discrepancies don't matter, they will not be accounted for in this order.

I

*The property and mortgage.*  Johnson owns real property at 3535 County Road #44 in Minnetrista, Minnesota, legally described as "Lot 2, Block 1, Smith Hill, according to the recorded plat thereof, Hennepin County, Minnesota" (the "Property").  Compl. [ECF No. 1-1] ¶ 1; *see also* ECF No. 1-1 Ex. 1 (warranty deed dated November 13, 1997, naming "Frederick Johnson" as Grantee).  On November 9, 2005, Johnson executed a note and mortgage in favor of Mortgage Electronic Registration Systems, Inc., promising to repay a $1,500,000 loan to Countrywide Bank, N.A. and granting a lien on the Property.  *See* ECF No. 8 at 40–57 ("Mortgage").  The Hennepin County Recorder recorded the Mortgage on December 29, 2005.  *Id*.  Subsequently, the Mortgage was assigned to the Bank, as evidenced by an Assignment of Mortgage recorded on August 30, 2011.  *See* ECF No. 1-1 Ex. 11.  At some point, Johnson defaulted on the loan, and the Bank began foreclosure proceedings.  According to the Bank, Johnson's debt has grown to more than $3,000,000 "due to his multiple defaults and years of litigation stall tactics."  ECF No. 7 at 1.  The Property and its Mortgage have been the subject to two prior cases in this District, and a review of those cases informs the analysis of the Bank's motion.

*Johnson I*.  In the first case brought in Hennepin County in 2016 and removed here, Johnson sued the Bank seeking to set aside a foreclosure sheriff's sale of the Property because, Johnson alleged, the Bank failed to comply with certain Minnesota statutory requirements regarding the foreclosure.  *See Frederick Johnson v. The Bank of NY Mellon, et al.*, File No. 17-cv-258 (SRN/DTS) (D. Minn.) ("*Johnson I*").  In particular, Johnson alleged that: (1) the Bank failed to comply with Minn. Stat. § 582.043 because it failed to

evaluate Johnson for loss mitigation relief; (2) the Bank owed Johnson attorneys' fees and costs under Minn. Stat. § 582.043 for failing to set aside the sale; and (3) the Bank failed to comply with Minn. Stat. § 580.041, subd. 1b, because it did not serve a "Help for Homeowners in Foreclosure" notice with its communications to Johnson about the foreclosure sale. *See Johnson I*, ECF No. 1-1.  Ultimately, *Johnson I* settled and, pursuant to the parties' stipulation, the sheriff's sale was rescinded and the claims in the lawsuit dismissed with prejudice.  *See Johnson I*, ECF Nos. 13–14.  Judgment was entered on June 26, 2017.  *Johnson I*, ECF No. 15.  Both the order dismissing the case and the judgment reflected the parties' stipulation that the Mortgage on the Property "was . . . assigned to Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWBS, Inc., CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3." *Johnson I*, ECF Nos. 14, 15.  Johnson did not challenge the assignment to the Bank as part of this first case.

*Johnson II*.  In the second case, Patricia Johnson attempted to void the Mortgage under Minn. Stat. § 507.02 because it conveyed the homestead Property without her signature.  *See Patricia Johnson v. The Bank of New York Mellon, et. al*, File No. 19-cv-1561 (NEB/BRT) (D. Minn.) ("*Johnson II*").  Though (Frederick) Johnson alone owned the Property prior to the couple's marriage, Patricia alleged that when they married on January 5, 2005, she took a marital interest in the homestead Property.  *See Johnson II*, ECF No. 1.  Patricia alleged that she "did not review, approve of, or consent to the [subsequent] Mortgage in any way," the Mortgage incorrectly described Frederick as "an unmarried man," and the Mortgage closing agent told Frederick that Patricia's involvement

3

was unnecessary. *Id*. Patricia did not challenge the assignment to the Bank. This case settled, too. On December 29, 2020, the parties filed a Stipulation by which they agreed, in relevant part:

> The Mortgage was assigned to BNYM by assignment of mortgage dated August 22, 2011 and recorded August 30, 2011 with the Hennepin County Recorder as document number A9688116.
>
> The Mortgage is a valid and enforceable mortgage against the entire fee title to the Property as of November 9, 2005 even though Patricia Johnson did not sign the Mortgage. Any interests Patricia Johnson may have in the Property are subject to the Mortgage as of November 9, 2005.
>
> and
>
> The Mortgage can be enforced against the Property by BNYM and its successors and assigns.

*See Johnson II*, ECF No. 53 ¶¶ 5, 6, 9. All claims in the action were dismissed with prejudice, and judgment was entered on January 11, 2021. *Johnson II*, ECF Nos. 55, 56.

*This case.* In this case filed in Hennepin County on October 12, 2022, and removed to this Court, Johnson sued the Bank regarding its noticed October 20, 2022 sheriff's sale of the Property. *See* ECF Nos. 1, 1-1 ¶¶ 17–18. Johnson primarily challenges the Assignment of Mortgage that resulted in the Bank's claim of ownership over the securitized note and Mortgage on the Property. *Id*. ¶¶ 20–30. Johnson says that the Bank has ignored numerous requests to provide the Pooling and Servicing Agreement ("PSA") governing the Mortgage, and that the Bank "obdurately forged ahead without confirming that BNYM is the legal owner of the securitized note and mortgage." *Id*. ¶¶ 29–30. Johnson also alleges that the affiant who executed the assignment to the Bank lacked personal knowledge of its

4

contents. *Id*. ¶¶ 32–33. Accordingly, Johnson alleges that the Bank does not have a right to foreclose on the Property. In Count 1 of the Complaint, Johnson seeks to quiet title. *Id*. ¶¶ 38–48. Count 2 raises a "slander of title" claim as a result of the Bank's allegedly false statements in published Notice of Foreclosure Sale documents. *Id*. ¶¶ 49–56. Johnson seeks "an order declaring that Plaintiff has the exclusive right to continue to possess and own the Property and Defendant(s) have no such right to claim possession or ownership of the Property and that Defendant(s) shall remove all clouds on the title of Property and shall cease placing such clouds on the title to the Property," damages for alleged slander of title, and an award of attorneys' costs and fees. *See* ECF No. 1-1 at 14–15.²

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state

---

² In passing, Johnson alleges that in April 2022, he notified the Bank that he "was never personally served" with a March 2022 Notice of Foreclosure Sale on the Property, and that the Bank "published [that] Notice in the wrong county." Compl. ¶¶ 4–6. That sale was cancelled, and a second Notice of Mortgage Foreclosure Sale was filed in August 2022. *Id*. ¶¶ 10, 17. Though Johnson alleges that he "discovered" both the first and second notice, *id*. ¶¶ 5, 18, he later asserts that as of the filing of the Complaint in this case, he "has not been personally served with any notice of foreclosure regarding the Property by any Defendant." *Id*. ¶ 34. Johnson's allegations regarding service or notice, however, do not form the basis of either of the two claims raised in his Complaint. *See id*. ¶¶ 38–56.

5

a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analyzing the current motion requires both a careful review of the filings in this case and certain filings in earlier litigation between Johnson, Johnson's wife, and the Bank. In resolving a Rule 12(b)(6) motion, courts ordinarily do not consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Courts may, however, "additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean*, 858 F.3d at 526 (internal quotation marks and citations omitted). No party has questioned the authenticity of the filings from *Johnson I* and *Johnson II*, which are matters of public record. The filings in the earlier litigation are therefore appropriate to consider here.

### III

### A

Start with claim preclusion. The Bank's primary argument in support of dismissal is that res judicata bars this case based on the judgment in *Johnson I* and *Johnson II*. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata is an affirmative defense that a defendant must plead and prove, but a court

may nonetheless dismiss an action on this basis under Rule 12(b)(6) if the complaint (including public records and documents it embraces) establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012).

"The law of the forum that rendered the first judgment [here, the United States District Court for the District of Minnesota,] controls the res judicata analysis." *Id.* at 764 (quoting *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)). "As a matter of federal common law, we must give that federal diversity judgment the same claim-preclusive effect that [Minnesota] state courts would give to a state court judgment." *Id.* (citing *Semtek Int'l., Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see also Taylor*, 553 U.S. at 891 n.4; *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Accordingly, Minnesota's res judicata rules are the applicable law. A later claim is barred under Minnesota law "where '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)); *see also Aaron Carlson Corp. v. Cohen*, 933 N.W.2d 63, 72 (Minn. 2019) (same).[3]

---

[3] It wouldn't matter if federal law applied. "[T]he elements of res judicata under Minnesota law are nearly identical to the elements of res judicata under federal common law." *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 973 n.4 (D. Minn. 2014), *aff'd in part*, 775 F.3d 1057 (8th Cir. 2015).

7

These elements are met here. (1) The complaints in *Johnson I* and *Johnson II* involved the same factual circumstances as this case: challenges to enforcement of the Mortgage lien, securing the same loan, on the same Property. *Johnson I* and this case are the most similar, as they involve the same plaintiff and same defendant, the Bank, and both seek to upend a sheriff's sale of the Property. As for *Johnson II*, there seems to be no question that Patricia and Fred are in privity as joint property owners, as Patricia herself asserted that the Property was "owned and occupied by [the Johnsons] as their joint marital homestead" and upon their marriage, Patricia "took a marital interest in the Johnson Homestead." ECF No. 8 Ex. 3 ¶¶ 4, 19. (2) There was a final judgment in *Johnson I*: the stipulation of dismissal stated that the action was dismissed "with prejudice," *Johnson I*, ECF No. 12, the case was ordered dismissed with prejudice, ECF No. 14, and judgment was entered, ECF No. 15. Likewise with *Johnson II*. *See Johnson II*, ECF Nos. 53, 55, 56. "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*." *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (collecting cases); *see also Jackson v. United States*, No. 18-cv-3294 (MJD/LIB), 2020 WL 981458, at *11 (D. Minn. Jan. 27, 2020) (quoting *Larken*, 189 F.3d at 732), *report and recommendation adopted*, 2020 WL 980161 (D. Minn. Feb. 28, 2020); *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 583 (Minn. 2010) ("A dismissal with prejudice and on the merits executed by both parties is a final determination and is equivalent to an adjudication on the merits regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions not applicable in this case.") (cleaned up). (3) There is nothing in the record—

8

in *Johnson I*, *Johnson II*, or this case—to suggest the Johnsons did not have a full and fair opportunity to litigate *Johnson I* or *II*. In both cases, the Johnsons were represented by counsel. *See Jackman v. Members Coop. Credit Union*, No. 20-cv-2372 (WMW/LIB), 2021 WL 3683490, at *1 (D. Minn. Aug. 19, 2021) (quoting *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001)) (describing what court considers when determining whether a party had a full and fair opportunity to litigate).

The dismissal and judgment in *Johnson I* alone bars Johnson's claims here. This includes any new claims or theories, because in addition to barring all claims actually litigated, res judicata applies to claims that could have been litigated in the earlier case. *St. Paul Fire & Marine*, 539 F.3d at 821 (citing *Hauschildt*, 686 N.W.2d at 840); *Jackman*, 2021 WL 3683490, at *1 (citing *State v. Joseph*, 636 N.W.2d at 327). A claim is barred if it arises out of the same set of factual circumstances. *Hauschildt*, 686 N.W.2d at 840. Here, Johnson's claims arise from his challenge to the sheriff's sale of the Property, just as in *Johnson I*. And like both *Johnson I* and *II*, the claims here arise from challenges to enforcement of the Mortgage lien, securing the same loan, for the same Property. In other words, it doesn't matter that neither Johnson nor Patricia challenged the assignment to the Bank in either of the first two cases.

Johnson does not meaningfully respond to the Bank's claim preclusion argument. He argues that res judicata is discretionary, ECF No. 12-1 at 9, that Patricia Johnson is not the same person as Fred Johnson, *id*. at 10, and that Johnson could not have anticipated the Bank's 2022 efforts to foreclose back in 2017 when he brought *Johnson I*, *id*. at 11. These arguments don't change things. Johnson identifies no discretionary ground on which it

9

might be appropriate not to apply claim preclusion here. He mounts no discernable challenge to the conclusion that he and Patricia are in privity. And whether he might have anticipated the 2022 foreclosure in 2017 seems beside the point because the grounds on which he challenges the foreclosure here were available to be raised in either of the first two cases. Res judicata prevents his claims here.

B

If claim preclusion principles didn't bar Johnson's claims, they would fail on their merits. Johnson's show-me-the-note theory is meritless. Johnson alleges that the Bank could not foreclose because it did not prove that it owned the note. But this type of claim "has been rejected by every court in this jurisdiction to consider it." *Sneh v. Bank of New York Mellon*, No. 12-cv-954 (MJD/JSM), 2012 WL 5519690, at *9 (D. Minn. Oct. 30, 2012), *report & recommendation adopted*, 2012 WL 5519682 (D. Minn. Nov. 14, 2012).

Johnson's slander of title claim fails for three separate reasons. A slander of title claim requires: (1) a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000). Johnson claims that the Bank's recorded Notice of Foreclosure Sale documents contained false statements that the Bank had the right to foreclose on the Property. Compl. ¶¶ 51–54. This claim is lacking plausibility in light of the stipulations and judgments in *Johnson I* and *II*. And Johnson has not pleaded facts sufficient to plausibly claim that the Bank acted with "[r]eckless disregard concerning the

truth or falsity of a matter . . . despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." *Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711–12 (Minn. Ct. App. 2007) (quoting *Contract Dev. Corp. v. Beck,* 627 N.E.2d 760, 764 (Ill. Ct. App. 1994) (quotations omitted)). Moreover, Johnson has not provided any legal basis to oppose the Bank's arguments for dismissal of this claim, and thus any such arguments have been waived. *See Tate v. Scheidt*, No. 15-cv-3115 (WMW/JSM), 2016 WL 7155806, at *6 (D. Minn. Oct. 7, 2016), *report & recommendation adopted*, 2016 WL 7175593 (D. Minn. Dec. 7, 2016) ("A party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues.") (citing cases).

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant's Motion to Dismiss [ECF No. 5] is **GRANTED**.

2. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 17, 2023                    s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court

11